UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

HDR INSURANCE MANAGERS, LLC,

        Plaintiff,

v.

SUMMIT INSURANCE SERVICES, INC., et al.,

        Defendants.

2:09-cv-0380-LRH-GWF

ORDER

      Before the court are plaintiff HDR Insurance Managers, LLC's ("HDR") motion to strike (Doc. #82[1]) and motion to dismiss (Doc. #83).

**I.    Facts and Background**

      On February 26, 2009, plaintiff HDR filed a complaint against defendants for breach of contract. Doc. #1. HDR alleges that it lent money to corporate defendants Summit Insurance Services, Inc. ("Summit"); Pinnacle Insurance Program Managers Inc. ("PIPM, Inc."); and Pinnacle Insurance Program Managers LLC ("PIPM, LLC") all of which was personally guaranteed by individual defendant Thomas Jackson ("Jackson") for start-up expenses and operational costs for defendants' insurance businesses. *Id*.

      On May 18, 2009, defendants Summit and PIPM, LLC filed an answer and counterclaims against HDR. Doc. #18. Also on May 18, 2009, defendants PIPM, Inc. and Jackson filed an answer

---

[1] Refers to the court's docket entry number.

and counterclaims against HDR. Doc. #20. Subsequently, on June 19, 2009, defendant Summit amended its answer and counterclaims. Doc. #33.

At the time defendants filed their answers and counterclaims, all defendants were represented by attorney George J. Manos ("Manos"). Manos was terminated as counsel of record for defendants on July 31, 2009, and replaced by attorney Richard Kuntz ("Kuntz"). *See* Doc. #47. On July 20, 2010, Kuntz filed a motion to withdraw as counsel for all defendants (Doc. #57) which was granted by the court (Doc. #67). As part of the court's order, corporate defendants were ordered to obtain new counsel by November 12, 2010. *See* Doc. #67. As of this order, corporate defendants have failed to obtain counsel.

On November 30, 2010, individual defendant Jackson filed a motion to act pro se for all defendants. Doc. #69. On December 23, 2010, the court denied Jackson's motion and advised Jackson that an individual cannot represent a corporate defendant in federal court. Doc. #80. Thereafter, HDR filed the present motions to strike the corporate defendants' answers (Doc. #82) and to dismiss the corporate defendants' counterclaims (Doc. #83) for failure to be represented by counsel.

**II.    Discussion**

It is well recognized that a corporation may only appear in federal court through licensed counsel. *See e.g., Rowland v. California Men Colony, Unit II Mens' Advisory Council*, 506 U.S. 194, 200-201 (1993); *In re Highley*, 459 F.2d 554, 555 (9th Cir. 1972).

Here, corporate defendants have not been represented by counsel since October 2010. As such, no action or discovery has taken place in this matter since that time. Therefore, the court finds, in light of the circumstances in this action and the corporate defendants' failure to comply with the court's order to obtain counsel, that it is appropriate to strike the corporate defendants' answers and counterclaims. *See e.g., In re Highley*, 459 F.2d at 555 (affirming dismissal of corporation's complaint because it was no longer represented by counsel and therefore not properly

1  before the court); *Sharp v. Bivona*, 304 F. Supp. 2d 347 (E.D. N.Y.) (holding that because the
2  corporation was no longer represented by counsel it could no longer proceed in the action).
3  Accordingly, the court shall grant HDR's motions to strike corporate defendants' answers and to
4  dismiss corporate defendants' counterclaims.

6      IT IS THEREFORE ORDERED that plaintiff's motion to strike (Doc. #82) and motion to
7  dismiss (Doc. #83) are GRANTED.
8      IT IS FURTHER ORDERED that the clerk of court shall strike defendants Summit
9  Insurance Services, Inc. and Pinnacle Insurance Program Managers LLC's answer and
10 counterclaims (Doc. #18); defendant Pinnacle Insurance Program, Inc. and Thomas Jackson's
11 answer and counterclaims (Doc. #20) as to defendant Pinnacle Insurance Program, Inc. only; and
12 defendant Summit Insurance Services, Inc.'s amended answer and counterclaims (Doc. #33).
13     IT IS SO ORDERED.
14     DATED this 6th day of April, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3