UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

HDR INSURANCE MANAGERS, LLC,

    Plaintiff,

v.

SUMMIT INSURANCE SERVICES, INC; et al.,

    Defendants.

2:09-CV-0380-LRH-RJJ

ORDER

Before the court is plaintiff HDR Insurance Managers, LLC's ("HDR") motion for default judgment against defendants Summit Insurance Services, Inc. ("Summit"); Pinnacle Insurance Program Managers Inc. ("Pinnacle"); and Pinnacle Insurance Program Managers LLC ("PIPM") in the amount of $820,345.49 plus accruing interest. Doc. #94.[1]

**I.  Facts and Procedural History**

On February 26, 2009, plaintiff HDR filed a complaint against defendants for breach of contract. Doc. #1. HDR alleges that it lent money to corporate defendants Summit Insurance Services, Inc. ("Summit"); Pinnacle Insurance Program Managers Inc. ("PIPM, Inc."); and Pinnacle Insurance Program Managers LLC ("PIPM, LLC") all of which was personally guaranteed by individual defendant Thomas Jackson ("Jackson") for start-up expenses and operational costs for

---

[1] Refers to the court's docket number.

defendants' insurance businesses. *Id*.

On May 18, 2009, defendants Summit and PIPM, LLC filed an answer and counterclaims against HDR. Doc. #18. Also on May 18, 2009, defendants PIPM, Inc. and Jackson filed an answer and counterclaims against HDR. Doc. #20. Subsequently, on June 19, 2009, defendant Summit amended its answer and counterclaims. Doc. #33.

At the time defendants filed their answers and counterclaims, all defendants were represented by attorney George J. Manos ("Manos"). Manos was terminated as counsel of record for defendants on July 31, 2009, and replaced by attorney Richard Kuntz ("Kuntz"). *See* Doc. #47. On July 20, 2010, Kuntz filed a motion to withdraw as counsel for all defendants (Doc. #57) which was granted by the court (Doc. #67). As part of the court's order, corporate defendants were ordered to obtain new counsel by November 12, 2010. *See* Doc. #67. However, corporate defendants failed to obtain counsel.

In response to corporate defendants' failure to obtain counsel, HDR filed a motion to strike the corporate defendants' answers (Doc. #82) and a motion to dismiss the corporate defendants' counterclaims (Doc. #83) which were granted by the court (Doc. #88). Subsequently, corporate defendants' answers were stricken and the clerk of court entered a clerk's entry of default as to each corporate defendant on May 10, 2011. Doc. #92. Thereafter, HDR filed the present motion for default judgment against corporate defendants Summit, Pinnacle, and PIPM. Doc. #94.

**II.   Discussion**

Obtaining a default judgment is a two-step process governed by Federal Rule of Civil Procedure 55. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, Rule 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

Upon entry of default, the court takes the factual allegations in the non-defaulting party's complaint as true. Nonetheless, while entry of default by the clerk is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether a court will grant a default judgment is in the court's discretion. *Id.* (citations omitted).

The Ninth Circuit has identified several relevant factors in determining whether to grant default judgment including: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

The court has reviewed the documents and pleadings on file in this matter and finds that the *Eitel* factors support entering a default judgment in this action. First, HDR will be severely prejudiced if a default judgment is not entered because this action has been litigated for several years and corporate defendants have shown an unwillingness to appear and comply with the court's orders. Second, HDR's claims are sufficiently pled and supports its requested relief. Third, the amount of money at issue in this action is directly related to the underlying loan agreements and is easily quantified. Fourth, there is no excusable neglect for the corporate defendants' failure to obtain counsel and participate in this action. Finally, although public policy favors a resolution on the merits, the court finds that a default judgment is warranted in light of the other *Eitel* considerations and the fact that corporate defendants' unwillingness to participate precludes resolution on the merits.

///

///

IT IS THEREFORE ORDERED that plaintiff's motion for default judgment (Doc. #94) is GRANTED. The Clerk of the Court shall enter judgment against defendants Summit Insurance Services, Inc.; Pinnacle Insurance Program Managers Inc.; and Pinnacle Insurance Program Managers LLC in the amount of $820,345.49 plus accruing interest.

IT IS SO ORDERED.

DATED this 25th day of August, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE