UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HDR INSURANCE MANAGERS, LLC,<br><br>               Plaintiff,<br><br>     v.<br><br>SUMMIT INSURANCE SERVICES, INC;<br>et al.,<br><br>               Defendants. | 2:09-CV-0380-LRH-RJJ<br><br>ORDER |

Before the court is plaintiff HDR Insurance Managers, LLC's ("HDR") motion to dismiss defendant Thomas E. Jackson's ("Jackson") amended counterclaims and third-party complaint (Doc. #34[1]). Doc. #107. Jackson did not oppose the motion.

On February 26, 2009, plaintiff HDR filed a complaint against defendants for breach of contract. Doc. #1. HDR alleges that it lent money that was personally guaranteed by individual defendant Thomas Jackson ("Jackson"). *Id*.

On May 19, 2009, defendant Jackson file a third-party complaint and counterclaims. Doc. #21. An amended third-party complaint was filed on May 16, 2009. Doc. #34. Thereafter, HDR filed the present motion to dismiss the amended third-party complaint and counterclaims (Doc. #107) to which Jackson did not respond.

---

[1] Refers to the court's docket number.

1   While the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion under LR 7-2(d), Jackson's failure to file an opposition, in and of itself, is an insufficient ground for dismissal of her claim. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Before dismissing a cause of action, a district court is required to weigh several factors: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the moving party; 4) the public policy favoring disposition of cases on their merits; and (5) the availability of less dramatic sanctions. *Id*.

Here, these factors weigh in favor of dismissing Jackson's amended third-party complaint and counterclaims. The need for the expeditious resolution of cases on the court's docket is strong. HDR has an interest in resolving this matter in a timely manner. Further, there is a lack of prejudice to Jackson because he has shown an unwillingness to continue litigating this cause of action which weighs in favor of granting the motion. Additionally, although public policy favors a resolution on the merits, the court finds that dismissal of Jackson's amended third-party complaint is warranted in light of these other considerations.

IT IS THEREFORE ORDERED that plaintiff's motion to dismiss (Doc. #107) is GRANTED. Defendant's amended third-party complaint (Doc. #34) is DISMISSED.

IT IS SO ORDERED.

DATED this 15th day of February, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE