UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

HDR INSURANCE MANAGERS, LLC,

        Plaintiff,

v.

SUMMIT INSURANCE SERVICES, INC; et al.,

        Defendants.

2:09-CV-0380-LRH-RJJ

ORDER

        Before the court is plaintiff HDR Insurance Managers, LLC's ("HDR") motion for summary judgment. Doc. #108.[1] Defendant Thomas E. Jackson ("Jackson") did not file an opposition.

        On February 26, 2009, plaintiff HDR filed a complaint against defendants for breach of contract. Doc. #1. HDR lent money to corporate defendants Summit Insurance Services, Inc.; Pinnacle Insurance Program Managers Inc.; and Pinnacle Insurance Program Managers LLC, all of which was personally guaranteed by defendant Jackson, for start-up expenses and operational costs for an insurance business. *Id*.

        On August 25, 2011, the court entered default judgment against corporate defendants. Doc. #98. Thereafter, HDR filed the present motion for summary judgment against remaining defendant Jackson for breach of his personal guaranties. Doc. #108. Jackson did not oppose the

---

[1] Refers to the court's docket number.

motion.

While the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion under LR 7-2(d), Jackson's failure to file an opposition, in and of itself, is an insufficient ground for dismissal. *See Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003). A moving party must still meet its affirmative duty under Rule 56 to demonstrate that it is entitled to judgment as a matter of law. *Id*.

Here, the undisputed evidence establishes that HDR lent large sums of money to corporate defendants for the start-up of certain insurance businesses. The undisputed evidence further establishes that defendant Jackson signed personal guaranties for all monies lent by HDR. Upon corporate defendants breach, Jackson became personally liable for all monies owed. Therefore, the court finds that HDR is entitled to summary judgment against Jackson for the monies owed by corporate defendants.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment (Doc. #108) is GRANTED. The Clerk of Court shall enter judgment against defendant Thomas Jackson in the amount of $868,355.46 plus accruing interest.

IT IS SO ORDERED.

DATED this 15th day of February, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE